# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mohamed Taha Elanfassi, | CIV-18-00097-PHX-JAT (MHB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| John F. Kelly, et al., | |
| Respondents. | |

TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

Petitioner Mohamed Taha Elanfassi (A205-310-913), who is confined in the Central Arizona Detention Center, has filed a *pro se* Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1).

Petitioner is a native and citizen of Morocco, has lived in the United States since 2008, and has been a permanent resident since September 15, 2016. On November 21, 2016, Petitioner was convicted in California of attempted pimping, conspiracy to commit pimping, and human trafficking. Petitioner was sentenced to 360 days' incarceration plus twelve years, suspended, "in lieu of five years' supervised probation." On February 21, 2017, Petitioner was placed in removal proceedings. On November 15, 2017, an Immigration Judge (IJ) determined Petitioner was not a danger to the community or significant flight risk and ordered him released from immigration custody on $25,000 bond. The Department of Homeland Security (DHS) immediately filed a Notice of Intent to Appeal the custody

1 redetermination (Form EOIR-43), which automatically stayed the IJ's decision. See 8 C.F.R. § 1003.19(i)(2). On November 22, 2017, DHS filed a Notice of Appeal to the Board of Immigration Appeals (BIA). Petitioner states that as a result of DHS invoking the automatic stay, he remains in custody and in removal proceedings.

Petitioner raises two grounds for relief. In Ground One, Petitioner claims he is being detained in violation of the Due Process Clause. In Ground Two, Petitioner contends his detention violates his Fourth and Fifth Amendment rights.

Respondents filed a Notice to Court and Suggestion of Mootness indicating that Petitioner was removed to Morocco on March 26, 2018. Thus, it appearing that there is no longer a live case or controversy in this matter, the Court ordered Petitioner to show cause why this action should not be dismissed as moot. To date, Petitioner has not responded or otherwise communicated with the Court, and the time for filing a response to the Court's Order has expired.

Accordingly, it appearing that the habeas petition is now moot and should be dismissed, the Court will recommend that Petitioner's Petition for a Writ of Habeas Corpus be dismissed.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED** as moot and without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report

and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 27th day of April, 2018.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge